CALVERT FIRE INS. CO.

v.

ROBINSON.

Court of Appeals of Kentucky.

March 26, 1954.

E. B. Rose, Beattyville, O. J. Cockrell, Jackson, for appellant.

J. Douglas Graham, Campton, for appellee.

CULLEN, Commissioner.

Robert Robinson recovered judgment in the amount of $376.90 against the Calvert Fire Insurance Company, under an automobile collision insurance policy which the company had issued to him. The amount of recovery represented the cost of installing a new motor in Robinson's automobile, plus some incidental items. Moving for an appeal, the company maintains that its liability under the policy was limited to loss in excess of $50 directly resulting from collision; that although Robinson's automobile did suffer some damage in a collision, such damage was less than $50; and that the damage requiring replacement of the motor resulted from Robinson's failure to properly protect the automobile after the collision.

The case was submitted to the trial judge on an agreed statement of facts. This statement shows that when Robinson was operating his automobile along a gravel road, the wheels of a truck passing in the opposite direction threw a "large" rock into the path of his automobile; he saw the rock and "then heard the sound of metal under said * * * automobile being hit as if by some hard object;" he did not stop, but proceeded for one and one-half or two miles until the motor of his automobile stopped running; he tried unsuccessfully to start the motor, and then had another motorist push his car for three miles, in gear, in an effort to start it. A subsequent examination by a mechanic disclosed that the rock had forced the oil pan against the oil line and cut off the circulation of oil to the motor, with the result that the motor had "frozen" for lack of lubrication. The automobile was equipped with an oil pressure gauge on the dashboard, which was in good operating condition. It was agreed that the initial damage to the oil pan and oil line could have been repaired for less than $50.

The insurance policy provided coverage against "direct and accidental loss of or damage to the automobile caused by collision of the automobile with another object." A condition of the policy was that the insured shall "protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the insured's failure to protect shall not be recoverable under this policy."

The only decision of a court of last resort, involving a similar state of facts,

that has come to our attention is Haik v. United States Fidelity & Guaranty Co., 15 La.App. 97, 130 So. 118. In that case the oil line of an automobile was damaged when the auto ran into a depression in the highway. The motorist immediately called a mechanic, who advised him that it would be safe to drive the automobile home. On the way home the motorist stopped at a service station or garage and had the oil changed. Nevertheless the motor "froze" because of lack of oil circulation. The Louisiana court, in allowing recovery under a collision insurance policy, found that the insured had exercised every reasonable precaution to "protect" the automobile after the collision.

It is our opinion that the insurance policy in the case before us does not cover the damage that resulted from operating the automobile after the "collision" with the rock. It would not seem to be material whether we base the nonliability on the failure of Robinson to "protect" the automobile, or on a negligence theory, or on the idea that the collision was not the proximate cause of the resulting damage. The same result would be reached under any of these theories.

Robinson knew that the rock had come in contact with the undercarriage of his automobile, where there are a number of vital parts, such as the crankcase, transmission, differential, gasoline line, brake lines, shock absorbers, etc. He made no effort to ascertain what damage had occurred, but continued along his way, ignoring both the oil pressure gauge and the motor temperature gauge on the dashboard. The ultimate damage to the motor was not a direct result of the collision, but of the continued operation of the automobile after the collision had injured the mechanism.

Under the circumstances, we think that ordinary prudence would have required Robinson to exercise some effort to determine whether the collision had damaged the working parts of the automobile.

The motion for an appeal is granted and the judgment is reversed with directions to enter judgment dismissing the petition.